UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY D. JEWETT, JANE DOE I,
JANE DOE II, JANE DOE III, JANE
DOE IV and JANE DOE V,

    Plaintiffs,

v.                                                                 Case No: 2:17-cv-659-FtM-38MRM

UNIVERSITY OF LOUISVILLE,
NATHANIEL IRVIN, II, NATHANIEL
IRVIN, III, JOVIAN ZAYNE, LLC,
WONDALAND PRODUCTIONS, LLC
and EXOMEDICINE INSTITUTE,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court after a telephonic status conference on July 10, 2018, at which *pro se* Plaintiff Anthony Jewett and counsel for Defendants University of Louisville and Dr. Nathaniel Irvin, II appeared. (Doc. 28). The Court set the conference because of issues with service, not prosecuting this case, and ignoring the Court's Orders. At the end of the conference, the Court dismissed the case because of these issues with a written order to follow. This is that Order.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Last year, Jewett sued Defendants in Florida state court for tortious interference with prospective economic advantage and invasion of privacy because of Defendants' "use of voice-to-skull technology." (Doc. 1). According to Jewett, voice-to-skull technology "is the transmission of voice, or other audible or subliminal sound, directly into the head and hearing sense of a victim via sonic microwaves." (Doc. 1 at 5, ¶ 5). He has requested $52 million in damages. The University and Dr. Irvin removed the case to federal court in December 2017 based on diversity jurisdiction. (Doc. 2). They also answered the Amended Complaint. (Doc. 12).

Initially prompting the status conference was the parties ignoring the Court's endorsed order dated May 31, 2018, which directed them to select a mediator. In the parties' Case Management Report, they agreed to pick a mediator by May 30, 2018. (Doc. 18 at 3). When that day passed without action, the Court directed the parties to select a mediator within five days. (Doc. 24). Both parties were silent until last Friday when only the University and Dr. Irvin filed a five-week late response. (Doc. 27).

According to the University and Dr. Irvin's response, they told Jewett in early April that they agreed to two of his proposed mediators, but they never heard back. (Doc. 27-1). The University and Dr. Irvin also noted that they have not received Jewett's Rule 26 disclosures. In addition, they claimed that Jewett has not properly served them and that they have not waived their right to receive proper service. Consequently, the University and Dr. Irvin requested that the Court dismiss this case as against them for failure to serve and prosecute.

A contemporaneous issue to the parties' failure to select a mediator was Jewett not serving the other named Defendants – *i.e.*, Nathaniel Irvin, III, Jovian Zayne, LLC,

Wondaland Productions, LLC, Exomedicine Institute, and several Jane Does. Because of the deficient service, the Court directed Jewett to show cause on or before July 5, 2018, as to why the Court should not dismiss his case as against those Defendants for failure to effect service. ([Doc. 26](Doc. 26)). To date, Jewett has not filed a written response.

At the status conference, the Court sought insight from the parties on the above issues. The conference, however, did not start on solid ground. Jewett neither appeared for the conference nor contacted the Court for information about taking part telephonically. The Court tried several telephone numbers for Jewett before finally reaching him. Jewett told the Court that he did not know about the conference and that he had not been receiving the Court's Orders. His explanation did not go far because Jewett confirmed that his current mailing address is the precise address where the Court has been sending its orders. The Court also notes that its Orders have not been returned as undeliverable and thus concludes Jewett has received sufficient notice.

Turning next to the mediator issue, Jewett admitted that he never responded to the University and Dr. Irvin's email about picking a mediator. Although he claimed that he did not receive the Court's May 31 Order on selecting a mediator, Jewett again confirmed his mailing address to be the one on record in this case. In addition, the Court asked Jewett about why he has not provided the University and Dr. Irvin with his Rule 26 disclosures. He gave a non-responsive answer.

From there, the Court allowed Jewett to explain why he has had difficulty prosecuting this case. Jewett said that Defendants have been using electromagnetic weapons through satellite and cell phone communications that interrupt his ability to think independently. He claimed that Defendants have voice-to-skull technology that surround

him with crippling and disabling sensations and thus affect his ability to prosecute this case. As best the Court could tell, Jewett orally requested a protective order directing Defendants to cease using their voice-to-skull technology against him and his family. The Court orally denied his request.

The Court next tackled why Jewett has not served the other named Defendants and never responded to the Court's Order. Jewett said that he tried to serve them through social media. This is improper under the Federal Rules of Civil Procedure. The Court thus dismissed Defendants Nathaniel Irvin, III, Jovian Zayne, LLC, Wondaland Productions, LLC, Exomedicine Institute, and the Jane Does.

The University and Dr. Irvin also commented on service, claiming that they too have not been properly served. The University and Dr. Irvin continued that they have not waived improper service despite removing this action from state court, filing certificates of interested persons and corporate disclosure statements, and answering the Amended Complaint.[2] Without deciding this argument, the Court is suspect on whether Jewett has effectively served them.

After carefully considering the parties' arguments, the pleadings, docket, and Jewett's *pro se* status, the Court dismissed this case. Jewett has not properly served most (if not all) Defendants. Although he claimed that he can continue with this matter, his actions to date suggest otherwise. He discarded his responsibility to stay abreast of

---

[2] Earlier this year, the University and Dr. Irvin argued to United States Magistrate Judge Mac R. McCoy that they were not obligated to file a responsive pleading or case management report because Jewett did not properly serve them. (Doc. 12). Judge McCoy rejected the argument. He found that the University and Dr. Irvin "undeniably appeared in this case, notwithstanding their challenge to the adequacy of service of process." (Doc. 14 at 2). Judge McCoy thus ordered the parties to file a case management report, which they did.

this case. He neither checked his mail for the Court's Orders and other filings nor consulted PACER. Jewett also disregarded communications from defense counsel, not provided his Rule 26 initial disclosures, and ignored several Court orders. And, even a liberal reading of the Amended Complaint suggests that this action is frivolous and nonsensical. Taking these problems together, the Court dismissed this case.

Accordingly, it is now

**ORDERED:**

(1) The above-captioned case is **DISMISSED** for failure to prosecute, failure to serve process, and alleging frivolous claims.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate any pending deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of July 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record